**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

```
JEFF AIDNIK,                    )    2:08-cv-02583-HDM-RAM
                                )
            Plaintiff,          )
                                )    ORDER
vs.                             )
                                )
CALIFORNIA MEDICAL FACILITY, et )
al.,                            )
                                )
            Defendants.         )
_____)
```

Plaintiff is a state prisoner proceeding pro se in this action asserting civil rights claims under 42 U.S.C. § 1983. On August 31, 2007, plaintiff filed two complaints, intending to pursue separate lawsuits against different groups of defendants. Due to a clerical error, both complaints were assigned the same case number. On September 9, 2008, plaintiff informed the court of the error, and on October 29, 2008, the court ordered the clerk to open a new action for the instant complaint and to assign it a new case

1

1 number.

2 In the same order, the court indicated the plaintiff would
3 proceed *in forma pauperis* in this action.  While the plaintiff will
4 not be assessed an initial filing fee, plaintiff is still required
5 to pay the statutory filing fee of $350.00 for this action.  28
6 U.S.C. § 1914(a), 1915(b)(1).  Plaintiff will be obligated for
7 monthly payments of twenty percent of the preceding month's income
8 credited to plaintiff's prison trust account.  By separate order,
9 the court will direct the appropriate agency to collect these
10 payments and forward them to the Clerk of the Court each time the
11 amount in plaintiff's account exceeds $10.00, until the filing fee
12 is paid in full.  28 U.S.C. § 1915(b)(2).

13 The court is required to screen complaints brought by
14 prisoners seeking relief against a governmental entity or officer
15 or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
16 court must dismiss a complaint or portion thereof if the prisoner
17 has raised claims that are legally "frivolous or malicious," that
18 fail to state a claim upon which relief may be granted, or that
19 seek monetary relief from a defendant who is immune from such
20 relief.  28 U.S.C. §§ 1915A(b)(1),(2), 1915(e)(2).

21 A claim is legally frivolous when it lacks an arguable basis
22 in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325
23 (1989).  The court may, therefore, dismiss a claim as frivolous
24 where it is based on an indisputably meritless legal theory or
25 where the factual contentions are clearly baseless.  *Id.* at 327.

26 Dismissal of a complaint for failure to state a claim upon
27 which relief may be granted is provided for in Federal Rule of
28 Civil Procedure 12(b)(6), and the court applies the same standard

under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.  Such review is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations in a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**Plaintiff's Claims**

In his second amended complaint filed on August 25, 2008, the plaintiff asserts that on July 11, 2006, defendant Grouch called him a "f***ing rat" in front of and within hearing distance of other inmates; a week later, defendant Grouch loudly and in front of other inmates ordered plaintiff's locker be searched and said three times, "Loose lips sink ships."  Plaintiff contends that these comments put him in danger of assault from other inmates, and that he in fact was subject to numerous threats.  However, he explicitly states that he did not suffer a "serious physical injury" – only a serious psychological injury.

On August 5, 2006, plaintiff filed a grievance regarding defendant Grouch's July 11 actions.  (*See* Exhibits to Plaintiff's Complaint dated August 31, 2007).  On August 8, 2006, plaintiff was

3

placed in administrative segregation by defendant Sgt. Riley. While in administrative segregation, plaintiff was interviewed by Lt. Pulsipher, who told him that defendant Captain Moreno would be attending all administrative segregation hearings. On October 2, 2006, Sgt. Lewis allegedly told plaintiff that if he dropped his complaint against defendant Grouch, he would be released from administrative segregation. On January 5, 2007, defendant Susan Hubbard, the warden, ordered Captain Moreno to release plaintiff from administrative segregation, telling plaintiff that he had not been placed there because of anything he had done wrong.

Attached to the complaint is a letter in which plaintiff sets forth additional factual allegations and names eight new defendants.[1] Plaintiff states that on November 6, 2007, "correctional staff" and defendant P. Mirch tried to transfer plaintiff to the area of the prison where defendant Grouch works despite plaintiff's pleas that doing so would "[e]ndanger [his] life." When he refused to move, plaintiff was placed in the hole for 14 days, but plaintiff does not name any specific individual involved in this decision. When plaintiff was released, defendant Mandeville informed him that he had not done anything wrong but that he had worn out his welcome at California Medical Facility ("CMF") and would be transferred.

**Analysis of Plaintiff's Claims**

A prisoner's claim that a prison official verbally harassed or

---

[1] The letter also appears on the docket as plaintiff's first amended complaint. In the letter, plaintiff names as additional defendants: (1) Correctional Officer Wheeler; (2) Correctional Officer J. McRenolds; (3) Sgt. Guerrero; (4) Lt. P. Mirch; (5) Capt. V. Motochenbacher; (6) L. Jenson; (7) P. Mandeville; and (8) J. Pulsipher.

4

abused him does not state a constitutional deprivation. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987).  To the extent plaintiff claims his constitutional rights were violated by defendant Grouch's alleged verbal abuse, such claim is dismissed. Plaintiff's claim against defendant Grouch may also be construed to assert a failure to protect from harm in violation of his Eighth Amendment rights.  However, pursuant to 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  Plaintiff does not allege he suffered any physical injury as a result of defendant Grouch's comments, and in fact concedes in his complaint that he did not.  Accordingly, he does not state a colorable Eighth Amendment claim for failure to protect.  *See Moten v. Renwick*, 54 Fed. App'x 658, 658 (9th Cir. 2003) (unpublished disposition) (holding the plaintiff's "Eighth Amendment failure to protect claim fails because he did not allege that he suffered even de minimis physical injuries due to the defendants allegedly labeling him a 'snitch-rat'").

    Plaintiff's complaint does, however, state a colorable First Amendment retaliation claim for his placement in administrative segregation following his complaints about defendant Grouch's conduct.  Plaintiff has therefore stated a claim against: (1) defendant Grouch; (2) defendant Riley; (3) defendant Lewis; (4) defendant Moreno; (5) defendant Pulsipher; and (6) defendant

5

Hubbard.[2]

As to plaintiff's claims that he was placed in the hole for refusing to transfer, and that he was threatened with transfer out of CMF, such claims do not state a violation of his civil rights. Inmates do not have a constitutional right to be housed at a particular institution or facility or to be transferred, or not transferred, from one facility or institution to another. *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976). Nor do they have a right to be incarcerated in a particular cell or unit within a facility. *Id.*; *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985). Therefore, plaintiff's complaints regarding his actual or threatened transfer either to the area of prison where defendant Grouch worked or to another facility entirely do not state a colorable claim for relief. Furthermore, though plaintiff does not allege any procedural due process violations with regard to his placement in disciplinary segregation, he is advised that if he is asserting such a claim, a constitutionally protected liberty interest in prison is generally "limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff has alleged no facts

---

[2] Plaintiff also appears to assert his claims against defendant Hubbard owing to her status as warden of the California Medical Facility. However, defendant Hubbard cannot be liable for the acts of her subordinates because the doctrine of *respondeat superior* does not apply in § 1983 actions. A supervisor's liability arises only if he or she was personally involved in the alleged constitutional violation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.*

showing that his time spent in the hole imposed an atypical and significant hardship in relation to the ordinary incidents of prison life. It is conceivable that plaintiff is alleging he was placed in the hole for 14 days in retaliation for his complaints about defendant Grouch. If such is plaintiff's assertion, he is granted leave to amend his complaint to clearly state such a claim.

Plaintiff names CMF as a defendant. The Eleventh Amendment bars claims against states and state agencies for violations of constitutional rights. *Thompson v. Or. Dep't of Corrections*, 76 Fed. App'x 151, at *1 (affirming district court's dismissal of plaintiff's Eighth Amendment claims against the Department of Corrections and the Oregon State Correctional Institute as being barred by the Eleventh Amendment); *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Allison v. Calif. Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) ("[S]tate agencies which are but arms of the state government are not 'persons' for purposes of the Civil Rights Act."). CMF, a state agency, is not a proper defendant.

As to the remaining defendants, plaintiff fails to assert any specific factual allegations regarding how those defendants deprived him of his constitutional rights. In fact, most of the defendants are not even mentioned in the body of the complaint. The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988). Furthermore, vague and conclusory allegations of official participation in civil rights

7

violations are not sufficient.  *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Accordingly, the remaining defendants will be dismissed from this action unless the plaintiff amends his complaint to contain specific factual allegations as to how those defendants deprived him of his constitutional rights.

Plaintiff is granted leave to amend his complaint in accordance with this order.  Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff has filed a request for a preliminary injunction (#9).  Plaintiff is not entitled to preliminary injunctive relief until the named defendants have been served with the summons and complaint.  *See Zepeda v. U.S. Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.")  Accordingly, plaintiff's request for a preliminary injunction is denied without prejudice as premature.

Accordingly, IT IS HEREBY ORDERED that:

8

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  No initial partial filing fee will be assessed.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's claims against all defendants but for those claims found colorable above as to defendants Grouch, Riley, Lewis, Moreno, Pulsipher, and Hubbard, are dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order.  Failure to file an amended complaint will result in dismissal of those defendants from this action.

4. Plaintiff's request for a preliminary injunction (#9) is denied.

5. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: This 29th day of January, 2009.

_____
UNITED STATES DISTRICT JUDGE