**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JEFF AIDNIK, | ) | 2:08-cv-02583-HDM-RAM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| CALIFORNIA MEDICAL FACILITY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff is a state prisoner proceeding pro se in this action asserting civil rights claims under 42 U.S.C. § 1983. In its order dated January 29, 2009, the court found plaintiff's complaint stated a colorable First Amendment retaliation claim against: (1) defendant Grouch; (2) defendant Riley; (3) defendant Lewis; (4) defendant Moreno; (5) defendant Pulsipher; and (6) defendant Hubbard. The court further found that the complaint failed to

1

state a claim against defendants: (1) Wheeler; (2) J. McRenolds; (3) Guerrero; (4) P. Mirch; (5) V. Motochenbacher; (6) L. Jenson; (7) P. Mandeville; (8) Swarget; (9) Barkley; (10) Casillas; (11) E. Smith; (12) R. Perez; and (13) California Medical Facility. Plaintiff was granted leave to file an amended complaint, which he did on February 19, 2009.

On March 6, 2009, the court in *Aidnik v. Knolls*, 2:08-cv-02145-SPG, conducted a review of the complaint in that action and determined that it was in fact a request to file a supplemental pleading in this action. The court granted the request and directed that the complaint and its addendum be filed as supplemental pleadings in this case. Accordingly, in this order the court will also screen the supplemental pleadings in accordance with 28 U.S.C. § 1915A(a).

I. Amended Complaint filed February 19, 2009

In his amended complaint, plaintiff names Lt. Swarget and Sgt. Barclay[1] along with the six defendants against whom the court found he had stated a claim. The amended complaint still states a First Amendment retaliation claim against defendants Grouch, Riley, Lewis, Moreno, Pulsipher, and Hubbard. This includes plaintiff's claim that defendant Grouch called plaintiff a "f***ing rat" and searched his locker while stating, "Loose lips sink ships," in retaliation for plaintiff's complaints about defendant Grouch's alleged abusive language. *See Valandingham v. Bojorquez*, 866 F.2d 1135, 1137-39 (9th Cir. 1988).

Plaintiff adds to his amended complaint allegations that each

---

[1] It is unclear whether "Sgt. Barclay" is the same as defendant "Sgt. Barkley" listed in the original complaint.

2

of the named defendants violated a number of regulations of the California Department of Corrections, specifically: Cal. Code. Regs. tit. 15, §§ 3004, 3270, 3271, 3300, 3339, 3390, and 3391. Plaintiff does not explain how violations of these regulations resulted in violations of his constitutional rights. Alone, such violations do not give rise to claim of a constitutional violation. However, the regulations may be relevant in analyzing a due process claim under the Fourteenth Amendment.

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To state a claim for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest. Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466-68 (1983). State law creates a liberty interest deserving protection only when the deprivation in question (1) restrains the inmate's freedom in a manner not expected from his or her sentence, and (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).

Section 3339 mandates procedural safeguards for release and retention in administrative segregation. When placing an inmate in administrative segregation prison officials are required to: (1) conduct an informal nonadversary review of the evidence justifying the decision to segregate the prisoner within a reasonable time of placing the prisoner in administrative segregation; (2) provide the prisoner with some notice of the charges before the review; and (3)

3

give the prisoner an opportunity to respond to the charges. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1100 (9th Cir. 1986), *abrograted in part on other grounds by Sandin*, 515 U.S. 472. The prisoner is not entitled to a "detailed written notice of charges, representation by counsel or counsel-substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation." *Id.* at 1100-01. If a prisoner is to be retained in administrative segregation, officials must periodically review the initial placement. *Id.* at 1101.

While § 3339 could arguably create a liberty interest such that plaintiff would be entitled to procedural due process, plaintiff's complaint does not contain any allegations that he was deprived of those procedural safeguards mandated by *Toussaint*. Accordingly, he does not state a constitutional claim based on the defendants' alleged violations of Cal. Code Regs. tit. 15, § 3339.

Defendants' alleged violations of the remaining sections also do not state a constitutional claim. Section 3004, which generally governs the interactions between inmates, parolees, and prison employees, mandates respectful, impartial, and fair treatment and bars open displays of disrespect or contempt. Section 3270 is the general policy on security. Section 3271 states that every employee is responsible for the safe custody of inmates. Section 3300 imposes a duty on employees to do everything possible to avoid disorders. Section 3390 involves background investigations for certain employees. Section 3391 requires employees to be courteous and polite to inmates and parolees and to never refer to either by slang or derogatory names. These sections do not give rise to

protectable liberty or property interests, nor do the violations of these regulations as described in plaintiff's complaint impose the "atypical and significant hardship[s] on the inmate in relation to the ordinary incidents of prison life" contemplated by *Sandin*. Accordingly, plaintiff fails to state a claim based on the defendants' alleged violations of the California Department of Corrections regulations.

Plaintiff alleges that following defendant Grouch's use of abusive language, Lt. Swarget moved plaintiff to several dorms within the prison where he was placed in imminent danger and threatened with harm. Plaintiff does not allege that he suffered any physical harm as a result of his placement. For the same reasons articulated in the court's prior order, plaintiff does not state a claim for relief against Lt. Swarget. Accordingly, Lt. Swarget is dismissed from this action.

Plaintiff alleges that Sgt. Barclay failed to intervene when defendant Grouch called plaintiff a "f***king rat" and refused to investigate the matter. These allegations do not give rise to a constitutional violation. Plaintiff has alleged no harm resulting from Sgt. Barclay's failure to intervene or investigate sufficient to state an Eighth Amendment claim, nor do Sgt. Barclay's alleged actions violate any other constitutional amendment. Accordingly, Sgt. Barclay is dismissed from this action.

II. Complaint filed September 11, 2008

Plaintiff's supplemental complaint states a colorable Eighth Amendment claim against defendant Maxwell. It does not, however, state a claim against any other defendant.

The Eighth Amendment prohibits the imposition of cruel and

unusual punishment.  A prison official violates the Eighth
Amendment only if two requirements are met: (1) the deprivation
alleged must be objectively, "sufficiently serious," meaning the
"official's act or omission must result in the denial of the
minimal civilized measure of life's necessities"; and (2) the
"official must have a sufficiently culpable state of mind."  *Farmer
v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks
omitted).  Plaintiff has alleged no objectively, sufficiently
serious deprivation stemming from the conduct of defendants Mike
Knolls, P. Mandeville, Sgt. Wyant, Lance Jenson, and Lt. Shankland.
In fact, he has stated no result of their conduct at all, apart
from his conclusory, unexplained allegation that their failure to
adequately investigate the incident with defendant Maxwell
"allow[ed] this misconduct . . . to go on."  (Pl. Supp. Compl. 3).
Accordingly, plaintiff's Eighth Amendment claims against defendants
Mike Knolls, P. Mandeville, Sgt. Wyant, Lance Jenson, and Lt.
Shankland are hereby dismissed.

    Plaintiff also alleges a Fourteenth Amendment Due Process
Clause violation against all defendants.  Plaintiff alleges that
defendants Mike Knolls, P. Mandeville, Sgt. Wyant, Lance Jenson,
and Lt. Shankland in one manner or another contributed to an
inadequate investigation into defendant Maxwell's conduct.  It is
clear from the documents attached to plaintiff's complaint that the
investigation he claims was inadequately conducted was the
investigation into the grievance he filed against defendant
Maxwell.  Prisoners do not have a liberty interest in a particular
grievance system, and therefore they have no liberty interest in
the processing of their grievances.  *Ramirez v. Galaza*, 334 F.3d

850, 860 (9th Cir. 2003). Because plaintiff does not have a liberty interest with respect to the processing and investigation of his grievance, he does not state a colorable claim for a Fourteenth Amendment Due Process Clause violation.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's claims against defendants Lt. Swarget, Sgt. Barclay, Mike Knolls, P. Mandeville, Sgt. Wyant, Lance Jenson, and Lt. Shankland are dismissed for the reasons discussed above.

2. This action will go forward on plaintiff's First Amendment claims against defendants Grouch, Riley, Lewis, Moreno, Pulsipher, and Hubbard, and his Eighth Amendment claim against defendant Maxwell.

3. Plaintiff is granted leave to file an amended complaint with respect to the allegations in his supplemental complaint filed September 11, 2008, only. Plaintiff shall have thirty days from the date of service of this order in which to file any amended complaint. Failure to file an amended complaint will result in dismissal of those defendants from this action.

4. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: This 17th day of April, 2009.

_Howard D. McKibben_
UNITED STATES DISTRICT JUDGE