UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
JEFF AIDNIK,                        )    2:08-cv-02583-HDM-RAM
                                    )
          Plaintiff,                )
                                    )    ORDER
vs.                                 )
                                    )
CALIFORNIA MEDICAL FACILITY, et     )
al.,                                )
                                    )
          Defendants.               )
_____)
```

Plaintiff is a state prisoner proceeding *pro se* in this action asserting civil rights claims under 42 U.S.C. § 1983.  Defendants have filed a motion to dismiss (#35).  Plaintiff has opposed the motion (#41), and defendants have replied (#42).  Plaintiff has also filed an unauthorized surreply (#43), which the court will nonetheless consider.

In his complaint, plaintiff asserts that on July 11, 2006, defendant Grochall called him a "f***ing rat" in front of and

1

1  within hearing distance of other inmates; a week later, defendant
2  Grochall loudly and in front of other inmates ordered plaintiff's
3  locker be searched and said three times, "Loose lips sink ships."
4  Plaintiff alleges that defendant Grochall made these comments in
5  retaliation for plaintiff's having complained a week earlier about
6  Grochall's "abusive language" to a sergeant.
7      On August 5, 2006, plaintiff filed a grievance regarding
8  defendant Grochall's July 11 actions.  On August 8, 2006, plaintiff
9  was placed in administrative segregation by defendant Sgt. Riley.
10 While in administrative segregation, plaintiff was interviewed by
11 Lt. Pulsipher, who told him that defendant Captain Moreno would be
12 attending all administrative segregation hearings.  On October 2,
13 2006, Sgt. Lewis allegedly told plaintiff that if he dropped his
14 complaint against defendant Grochall, he would be released from
15 administrative segregation.  On January 5, 2007, defendant Susan
16 Hubbard, the warden, ordered Captain Moreno to release plaintiff
17 from administrative segregation, telling plaintiff that he had not
18 been placed there because of anything he had done wrong.
19     The court screened plaintiff's complaint and found plaintiff
20 stated a colorable First Amendment retaliation claim for his
21 placement in administrative segregation following his complaints
22 about defendant Grochall's conduct.  In so doing, the court noted
23 that claims asserted against Hubbard under a respondeat superior
24 theory could not stand.
25     Defendants move to dismiss the complaint on three grounds: (1)
26 Plaintiff failed to exhaust his administrative remedies with regard
27 to his claims against defendants Lewis, Riley, Pulsipher, Moreno,
28 and Hubbard; (2) plaintiff has not asserted personal participation

2

in a constitutional violation by Hubbard; and (3) plaintiff's retaliation claim against defendant Grochall fails as a matter of law.

I. Failure to Exhaust

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and is a prerequisite to all suits about prison life. *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002). Administrative remedies must be exhausted prior to filing suit; exhaustion during the pendency of the suit is insufficient. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam); *Vaden v. Summerhill*, 449 F.3d 1047, 1150-51 (9th Cir. 2006). There must be "proper exhaustion" of available administrative remedies, meaning the inmate must "us[e] all steps the agency holds out. . . ." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

Failure to exhaust is treated as a matter in abatement and is subject to an unenumerated Rule 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss on such grounds, "the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1120. If the court finds the prisoner has not exhausted his administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

Failure to exhaust is an affirmative defense; defendants thus bear the burden of raising and proving the absence of exhaustion.

3

*Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005) (quoting *Wyatt*, 315 F.3d at 1119). Further, before the court can find a failure to exhaust, the defendants must prove that "*some* relief remained available" that the prisoner failed to pursue, "whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process." *Id.* at 936-37 (emphasis original).

Prisoners in the State of California have the right to appeal administratively "any departmental decision, action, condition or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Admin. Code tit. 15, § 3084.1(a). To exhaust administrative remedies in the California system, a prisoner must proceed through several levels of appeal: (1) informal resolution; (2) formal written appeal on a CDC 602 inmate appeal form; (3) second-level appeal to the institution head or designee; and (4) third-level appeal to the Director of the California Department of Corrections. *Id.* § 3084.5; *Brodheim v. Cry*, 2009 WL 3448411, at \*1 (9th Cir. Oct. 28, 2009). A final decision from the Director's level of review satisfies the exhaustion requirement. *Kirkpatrick v. Ayers*, 2007 WL 2694179, at \*1 (N.D. Cal. 2007) (unpublished disposition).

Defendants argue that plaintiff has failed to exhaust his administrative remedies as to his claims against defendants Lewis, Riley, Moreno, Hubbard, and Pulsipher. The declarations and exhibits filed by defendants in support of their motion indicate that between July 11, 2006, and August 31, 2007, plaintiff filed a number of prison grievances, some exhausted and others not. Two of those grievances related to plaintiff's claims in this action. The

4

1  first, log number 06-01672, involved only Grochall and the incident
2  of July 11, 2006, in which he called plaintiff a "f***ing rat."
3  (N. Grannis Decl. ¶ 3).
4      While this grievance was fully exhausted, nothing in it may be
5  read to include plaintiff's complaints against defendants Lewis,
6  Riley, Moreno, Hubbard, and Pulsipher.  Although it is not
7  necessary for each individual defendant to be specifically named
8  and each constitutional claim to be specifically identified, the
9  grievance must at least touch on the actions or results that form
10 the basis of plaintiff's constitutional claims.  While log number
11 06-01672 does state that plaintiff was placed in administrative
12 segregation following the incident with Grochall, it gives no
13 indication that any of the other defendants played a part in such
14 placement.  Accordingly, log number 06-01672 did not serve to
15 exhaust plaintiff's claims against defendants Lewis, Riley, Moreno,
16 Hubbard, and Pulsipher.
17     Plaintiff did file a grievance about his placement in
18 administrative segregation, log number 06-01766.  This grievance
19 was denied at the second level of review; plaintiff did not pursue
20 it any further.  (Lewis Decl. ¶ 3).  While this grievance might
21 cover plaintiff's claims against these six defendants, it was not
22 fully exhausted.  Plaintiff has not provided any explanation or
23 evidence indicating why he was unable to exhaust this grievance.
24 He argues in his surreply that he exhausted his remedies because
25 the defendants "were all part of the investigation in one part or
26 more and 'ALL' read the appeal or s[h]ould have."  It is unclear
27 what plaintiff means by this, but at any rate it does not explain
28 why he failed to pursue this grievance to the Director's level of

review.

No other grievance relevant to plaintiff's claims in this action was filed during the relevant time period. (*See* D. Lewis Decl. ¶ 3). Nor does plaintiff allege that he exhausted any grievance omitted from defendants' summary of his appeals filed from July 11, 2006, to August 31, 2007. Accordingly, the court finds that plaintiff has failed to exhaust his administrative remedies against defendants Lewis, Riley, Moreno, Hubbard,[1] and Pulsipher, and plaintiff's claims against those defendants are hereby dismissed.

II. Failure to State a Claim

The court must dismiss a prisoner's complaint if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Dismissal for failure to state a claim is appropriate if the complaint lacks a cognizable legal theory or contains insufficient facts under a cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh,* 205 F.3d 1146, 1150 (9th Cir. 2000). The allegations of the complaint also must be construed in the light most favorable to the

---

[1] The court has determined that plaintiff's claims against defendant Hubbard have not been fully exhausted. None of the additional allegations against Hubbard made by plaintiff in his response and surreply are covered by the sole exhausted grievance in this action. Accordingly, defendants' argument that plaintiff has failed to allege any personal participation in a constitutional violation by Hubbard is moot.

6

nonmoving party.  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

The allegations of a *pro se* plaintiff's complaint are held to a less stringent standard than those drafted by a lawyer.  *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*).  "Specific facts are not necessary" in a *pro se* complaint; the complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (internal punctuation and citations omitted).  Even so, "a liberal interpretation of a *pro se* civil rights complaint may not supply essential elements of a claim that were not initially pled."  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (internal punctuation omitted) (italics added).

"A prisoner suing prison officials under [§] 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline."  *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).  There is a First Amendment right to petition the government through prison grievance procedures.  *See Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005).  Such claims must be evaluated in light of the deference that must be accorded to prison officials.  *See Vance v. Barrett*, 345 F.3d 1083, 1093 (9th Cir. 2003).  The prisoner must submit evidence to establish a link between the exercise of constitutional rights and the allegedly retaliatory action.  *See*

*Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  And the prisoner must show his First Amendment rights were actually chilled by the retaliatory action  *See Rhodes*, 408 F.3d 568.

A retaliation claim is comprised of five elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct and that such action (4) chilled plaintiff's First Amendment rights and (5) the action did not reasonably advance a legitimate correctional goal.  *Id.* at 567-68.  Plaintiff bears the burden of showing there was no legitimate correctional purpose motivating the actions of which he complains.  *Pratt*, 65 F.3d at 808.  He must also present evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the alleged retaliatory actions.  *See id*.

Defendant asserts plaintiff's retaliation claim fails as a matter of law because verbal threats do not constitute adverse action.  However, a First Amendment violation does exist where a correctional officer calls a prisoner a snitch in front of other prisoners in retaliation for the prisoner's filing of grievances. *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989). That is precisely what plaintiff alleges here.  Moreover, retaliatory placement in administrative segregation for filing grievances also states a claim.  *Austin v. Terhune*, 367 F.3d 1167, 117 (9th Cir. 2004).  Accordingly, plaintiff has stated a claim for relief against defendant Grochall, and Grochall's motion to dismiss plaintiff's claims against him is DENIED.

**Conclusion**

Defendants' motion to dismiss (#35) is hereby **GRANTED IN PART**

and **DENIED IN PART**.  The motion is **GRANTED** as to defendants Lewis, Riley, Moreno, Hubbard, and Pulsipher, and those defendants are hereby dismissed from this action.  The motion is **DENIED** as to defendant Grochall.

**IT IS SO ORDERED.**

DATED: This 9th day of November, 2009.

*Howard D. McKibben*
_____
UNITED STATES DISTRICT JUDGE