1
2
3
4
5
6
7
8
9
10                    **UNITED STATES DISTRICT COURT**
11              **FOR THE EASTERN DISTRICT OF CALIFORNIA**
12
13  JEFF AIDNIK,                    )        2:08-cv-02583-HDM-RAM
                                    )
14                  Plaintiff,      )
                                    )        ORDER
15  vs.                            )
                                    )
16  CALIFORNIA MEDICAL FACILITY, et )
    al.,                            )
17                  Defendants.     )
18  _____ )

19       Plaintiff is a former state prisoner proceeding *pro se* in this

20  action asserting civil rights claims under 42 U.S.C. § 1983.

21  Defendant Grochall, the sole remaining defendant, has filed a

22  motion for partial summary judgment (#94).  The plaintiff has not

23  opposed.[1]

24       In or around June 2006, plaintiff spoke to a staff sergeant

25  about defendant's use of abusive language against inmates.  (Pl.

26  _____

27       [1] Despite plaintiff's failure to oppose the motion, the court must
    decide defendant's motion on the merits and determine whether he has
28  affirmatively shown that he is entitled to judgment as a matter of law.  *See*
    *Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003).

                                    1

Dep. 51:10-52:2).  On July 11, 2006, defendant called plaintiff a
"f***ing rat" in front of and within hearing distance of other
inmates.  (Pl. Dep. 9:15-10:4, 11:4-12).  A week later, defendant
went through plaintiff's property, and said, "[Y]ou listen to me
and you listen to me good.  Loose lips sink ships."  (Pl. Dep.
14:23-15:18).  Defendant repeated "Loose lips sink ships" a few
more times, and then said "[Y]ou better understand it.  I don't
like rats going to the lieutenant and complaining about me."  (Pl.
Dep. 15:14-18).  These statements were also made in an area where
other inmates could hear them.  (*See* Pl. Dep. 18).  Plaintiff
alleges that defendant made these comments in retaliation for
plaintiff's having complained a week earlier about defendant's
"abusive language" to a sergeant.

On August 5, 2006, plaintiff filed a grievance regarding
defendant Grochall's July 11, 2006, actions.  On August 8, 2006,
plaintiff was placed in administrative segregation by Sgt. Riley.
On October 2, 2006, Sgt. Lewis allegedly told plaintiff that if he
dropped his complaint against defendant, he would be released from
segregation.  On January 5, 2007, plaintiff was released from
administrative segregation.

Defendant did not escort plaintiff to administrative
segregation.  (Grochall Decl. ¶ 4; Pl. Dep. 39:23-40:11).
Defendant did not generate the transfer order, or sign it.
(Grochall Decl. ¶ 5; Pl. Dep. 39:23-40:11).  Defendant did not
generate or sign any of the memos or confidential information
disclosure forms associated with plaintiff's transfer to
administrative segregation.  (Grochall Decl. ¶ 6; Pl. Dep. 39:23-
40:11).  Defendant did not instruct anyone to place plaintiff in

administrative segregation. (Grochall Decl. ¶ 7; Pl. Dep. 39:23-40:11). Finally, defendant did not preside over any hearings regarding plaintiff's transfer to administrative segregation. (Grochall Decl. ¶ 8; Pl. Dep. 39:23-40:11).

In its screening order, the court held that plaintiff had stated a colorable First Amendment retaliation claim against defendant based on: (1) defendant calling plaintiff a rat in front of other inmates; and (2) plaintiff's placement in administrative segregation. Defendant moves for summary judgment on the administrative segregation aspect of plaintiff's claim only. Defendant asserts that no facts show he was involved in plaintiff's placement in segregation, and that he is entitled to qualified immunity.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material issue of fact is one that could affect the outcome of the litigation and requires a trial to resolve the differing versions of the truth. *Lynn v. Sheet Metal Workers' Int'l Ass'n*, 804 F.2d 1472, 1483 (9th Cir. 1986). The burden of demonstrating the absence of a genuine issue of material fact lies with the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The evidence is therefore viewed in the light most favorable to the party opposing the motion. *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1378 (9th Cir. 1998).

Once the moving party presents evidence that would call for judgment as a matter of law at trial if left uncontroverted, the respondent must show by specific facts the existence of a genuine

3

1   issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

2   250 (1986). "[T]here is no issue for trial unless there is

3   sufficient evidence favoring the nonmoving party for a jury to

4   return a verdict for that party. If the evidence is merely

5   colorable, or is not significantly probative, summary judgment may

6   be granted." *Id.* at 249-50 (citations omitted). "A mere scintilla

7   of evidence will not do, for a jury is permitted to draw only those

8   inferences of which the evidence is reasonably susceptible; it may

9   not resort to speculation." *British Airways Bd. v. Boeing Co.*, 585

10  F.2d 946, 952 (9th Cir. 1978). Moreover, "[i]f the factual context

11  makes the non-moving party's claim of a disputed fact implausible,

12  then that party must come forward with more persuasive evidence

13  than otherwise would be necessary to show there is a genuine issue

14  for trial." *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149

15  (9th Cir. 1998). Finally, conclusory allegations unsupported by

16  factual data cannot defeat a motion for summary judgment. *Taylor*

17  *v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

18      "A prisoner suing prison officials under [§] 1983 for

19  retaliation must allege that he was retaliated against for

20  exercising his constitutional rights and that the retaliatory

21  action does not advance legitimate penological goals, such as

22  preserving institutional order and discipline." *Barnett v.*

23  *Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). A

24  retaliation claim is composed of five elements: (1) an assertion

25  that a state actor took some adverse action against an inmate (2)

26  because of (3) that prisoner's protected conduct and that such

27  action (4) chilled plaintiff's First Amendment rights and (5) the

28  action did not reasonably advance a legitimate correctional goal.

4

1    *Id.* at 567-68.  Plaintiff bears the burden of showing there was no
2    legitimate correctional purpose motivating the actions of which he
3    complains.  *Pratt*, 65 F.3d at 808.  He must also present evidence,
4    either direct or circumstantial, to establish a link between the
5    exercise of constitutional rights and the alleged retaliatory
6    actions.  *See id*.

7         Retaliation claims must be evaluated in light of the deference
8    that must be accorded to prison officials.  *See Vance v. Barrett*,
9    345 F.3d 1083, 1093 (9th Cir. 2003).  The prisoner must submit
10   evidence to establish a link between the exercise of constitutional
11   rights and the allegedly retaliatory action.  *See Pratt v. Rowland*,
12   65 F.3d 802, 807 (9th Cir. 1995).  And the prisoner must show his
13   First Amendment rights were actually chilled by the retaliatory
14   action.  *See Rhodes*, 408 F.3d 568.  Retaliatory placement in
15   administrative segregation for filing grievances states a claim for
16   relief.  *Austin v. Terhune*, 367 F.3d 1167, 117 (9th Cir. 2004).

17        A defendant must be the proximate cause of a violation of
18   constitutional rights.  *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir.
19   1988).  A person deprives another of a constitutional right if he
20   does an affirmative act, participates in another's affirmative act,
21   or omits to perform an act that he is legally required to do that
22   causes the deprivation of which the plaintiff complains.  *Johnson*
23   *v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  "The requisite causal
24   connection can be established not only by some kind of direct
25   personal participation in the deprivation, but also by setting in
26   motion a series of acts by others which the actor knows or
27   reasonably should know would cause others to inflict the
28   constitutional injury."  *Id.* at 743-44.

1    Defendant claims that he was not involved in plaintiff's

2  placement in administrative segregation.  Specifically, he declares

3  that he did not generate or sign the transfer order, or any form

4  associated with the transfer, instruct any staff to have plaintiff

5  transferred, or preside over any hearings regarding the transfer.

6  (Grochall Decl. ¶¶ 4-8).  Thus, he argues, there is no causal link

7  between defendant and plaintiff's placement in administrative

8  segregation.

9    There is no direct evidence that defendant was involved in

10  plaintiff's transfer to or retention in administrative segregation.

11  The only circumstantial evidence arguably relevant is Sgt. Lewis's

12  alleged statement that if plaintiff dropped his complaint against

13  defendant, he would be released from segregation.  Even if this

14  statement were admissible, the court concludes that any connection

15  that it makes between defendant and plaintiff's placement and

16  retention in administrative segregation is insufficient to raise a

17  triable issue of fact on this aspect of plaintiff's claim.

18  Accordingly, the partial motion for summary judgment will be

19  granted.

20    Having so concluded, it is unnecessary for the court to reach

21  defendant's argument that he is entitled to qualified immunity.

22    In accordance with the foregoing, the defendant's motion for

23  partial summary judgment (#94) is hereby **GRANTED**.

24    **IT IS SO ORDERED.**

25    DATED: This 28th day of February, 2011.

26

27  _Howard D McKibben_
   _____

28  UNITED STATES DISTRICT JUDGE

6