**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| **JEFF AIDNIK,** | Case No. 2:08-cv-02583-HDM-RAM |
| **Plaintiff,** | **ORDER** |
| vs. | |
| **CALIFORNIA MEDICAL FACILITY, et al.,** | |
| **Defendants.** | |

Plaintiff is a prisoner proceeding pro se with an action under 42 U.S.C. § 1983. Upon the stipulation of the parties, this case has been referred to the Court's Pro Se Mediation Program for the scheduling of a settlement conference. Judge Edmond F. Brennan was randomly selected as the settlement judge. This case will be set for a settlement conference before Judge Edmond F. Brennan on September 1, 2011, at 10:00 a.m. at the U. S. District Court, 501 I Street, Sacramento, CA 95814 in Courtroom 24.

A separate order and writ of habeas corpus ad testificandum will issue concurrently with this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before Magistrate Judge Edmond F. Brennan on September 1, 2011, at 10:00 a.m. at the U. S. District Court, 501 I Street, Sacramento, CA 95814 in Courtroom 24;

2. Defendant's lead counsel, and a person with full and unlimited authority to

negotiate and enter into a binding settlement on defendant's behalf shall attend in person;[1]

       3. Parties are to provide confidential settlement conference statements to the following email address: spark@caed.uscourts.gov, or, if the party has no access to email, then to Sujean Park, ADR Coordinator, 501 I Street, Suite 4-200, Sacramento, California 95814, so they **arrive no later than August 22, 2011,** and file a Notice of Submission of Confidential Settlement Conference Statement (See L.R. 270(d)).

       Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

       The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

       a. A brief statement of the facts of the case.

       b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

       c. A summary of the proceedings to date.

       d. An estimate of the cost and time to be expended for further discovery, motions, pretrial, and trial.

---

[1] The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989), *cited with approval in Official Airline Guides, Inc. v. Goss*, 6 F. 3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. *Pitman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003), *amended on recon. in part*, *Pitman v. Brinker Int'l, Inc.*, 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. *Pitman*, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. *Nick v. Morgan's Foods, Inc.*, 270 F. 3d 590, 596-97 (8th Cir. 2001).

1                    e. The relief sought.

2                    f. The party's position on settlement, including present demands and
3  offers and a history of past settlement discussions, offers, and demands.

4                    g. A brief statement of each party's expectations and goals for the
5  settlement conference.

6           4. The parties shall keep the Court apprised of the outcome of the settlement
7  conference. The parties shall file a joint status report within 10 days of the mediation, or if
8  settlement is reached, the parties shall file a Notice of Settlement with the Court.

10 DATED: July 6, 2011.

                                              _Howard D. McKibben_
                                              UNITED STATES DISTRICT JUDGE